UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG ATCHINSON, as Personal
Representative of the Estate of Lyle E.
Atchinson, deceased,

        Plaintiff,

v.                                       Case No. 8:10-cv-2297-T-24-AEP

KMART CORPORATION,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Kmart Corporation's Motion to Strike Paragraph 21 of Plaintiff's Complaint (Doc. No. 4) and Motion to Dismiss Count II of Plaintiff's Complaint (Doc. No. 5). In response to Defendant's motions, Plaintiff has filed an Agreed Disposition. (Doc. No. 11).

On October 14, 2010, this case was removed from state court pursuant to this Court's diversity jurisdiction. 28 U.S.C. §1332. (Doc. No. 1). Plaintiff, personal representative of the Estate of the deceased, initiated this action against Kmart alleging that Kmart's negligence was the direct and proximate cause of Decedent's injuries and eventual death. Decedent slipped on a Kmart store's floor and suffered injuries from that fall. In the Complaint, Plaintiff alleges that he is entitled to relief in the form of reimbursement for Decedent's medical expenses and the costs of pursuing this action (Count I); relief due to loss of consortium of Decedent's spouse (Count II); and damages stemming from Decedent's alleged wrongful death (Count III).

Defendant moves to dismiss paragraph 21 of Plaintiff's Complaint contending that

paragraph 21 is redundant and portions of it describe damages not recoverable under the Florida Wrongful Death Act. (Doc. No. 4 ¶ 1). Plaintiff responds that he agrees paragraph 21 should be stricken, and that Plaintiff's counsel and Defendant's counsel have conferred and have agreed to allow Plaintiff to amend the Complaint to remove paragraph 21. Therefore, Defendant's Motion to Strike paragraph 21 is denied as moot.

Defendant also moves to dismiss Count II of the Complaint because Decedent's estate is not entitled to damages for a survival consortium claim. (Doc. No. 5 ¶ 1). Plaintiff responds that Plaintiff's counsel and Defendant's counsel have conferred and have agreed to allow Plaintiff to amend the Complaint to add Decedent's spouse as a party to the case. Once the spouse is added as a plaintiff, the survival consortium claim will be an appropriate individual claim as opposed to a claim of the estate. Therefore, the Motion to Dismiss Count II of the Complaint is granted and the claim is dismissed without prejudice.

Finally, Plaintiff's Agreed Disposition also states that the allegation regarding the jurisdictional value of the controversy will be amended to read that the value of the controversy is greater than $15,000 but less than $75,000. (Doc. No. 11 ¶ 4). Plaintiff requests leave to file an amended complaint, or in the alternative, to have this Court remand the case to state court based on the jurisdictional amount in controversy being less than $75,000.

Accordingly, it is ORDERED AND ADJUDGED that:

    1.    Plaintiff is directed to file an Amended Complaint striking paragraph 21, adding Decedent's spouse as a plaintiff, and clarifying the jurisdictional amount of the controversy to be greater than $15,000 but less than $75,000 by November 24, 2010;

    2.      Defendant's Motion to Strike Paragraph 21 of the Complaint is DENIED AS MOOT upon Plaintiff's filing of his Amended Complaint;

    3.      Defendant's Motion to Dismiss Count II of the Complaint is GRANTED and the claim is dismissed without prejudice; and

    4.      This case will be remanded to state court upon Plaintiff's filing of the Amended Complaint with a jurisdictional allegation that the amount in controversy is less than $75,000.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of November, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record